NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
IN RE: VICINAGE 13 OF THE NEW         :    Civil Action No. 12-1949 (JAP)
JERSEY SUPERIOR COURT, et al.         :
                                      :    **OPINION**
                                      :
_____   :

PISANO, District Judge.

On March 13, 2012, the Warren County Prosecutor's Office ("Prosecutor's Office") filed a Verified Complaint in the Superior Court of New Jersey, Law Division, Middlesex County. In the Complaint, the Prosecutor's Office seeks a determination that Courtroom 2 of the Warren County Courthouse "is constitutionally sufficient for jury trials and adversarial proceedings," and that an order previously entered in state court declaring Courtroom 2 constitutionally defective was *ultra vires*. Compl., First Count, ¶ 3. Although the Complaint names the Office of the Warren County Public Defender ("Office of the Public Defender"), Vicinage 13 of the Superior Court of New Jersey, and the Board of Chosen Freeholders of the County of Warren as parties to the action, it does not identify whether those parties are named as plaintiffs or defendants. On March 29, 2012, the Office of the Public Defender removed the action to this Court.

When an action is removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that the federal court has subject matter jurisdiction over the action. *Samuel–Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004); *see* 28 U.S.C. § 1441(a)(permitting removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"). The removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand. *Steel*

*Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Federal courts have a continuing obligation to *sua sponte* examine the issue of subject matter jurisdiction, *see Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002), and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, having examined its jurisdiction *sua sponte*, the Court concludes that this action must be remanded to the Superior Court of New Jersey. After acknowledging in the Notice of Removal that the "Complaint lists the parties without designating a party as plaintiff or defendant," the Office of the Public Defender claims that "Vicinage 13 of the New Jersey Superior Court, Warren County, the Warren County Office of the Prosecutor, and the Warren County Board of Chosen Freeholders are more appropriately designated as plaintiffs, and the New Jersey Office of the Public Defender is more appropriately designated as the only defendant in this action." Notice of Removal ¶ 3; DE 1. It does not, however, offer any explanation as to why this is the proper designation of the parties, and the Court finds no basis for concluding that the Office of the Public Defender is appropriately considered a defendant—far less the only defendant—in this action.[1] Indeed, as made clear in its motion to remand filed with the Court, the Prosecutor's Office did not intend to name the Office of the Public Defender as a defendant:

> "Despite the Office of the Public Defender's choice to caption the matter as such, this is not an adversarial, State of New Jersey against the Office of the Public Defender, us against them issue. This is simply a matter of Vicinage 13 Warren County Courtroom 2, as the case was originally captioned."

Mot. Remand 2-3; DE 9. Accordingly, because the Court finds that the Office of the Public Defender is not a "defendant" within the meaning of 28 U.S.C. § 1441(a) and therefore lacked

---

[1] In that regard, the Court notes that the Office of the Public Defender is simply an agency established by the State of New Jersey to provide legal representation to indigent criminal defendants; thus, the constitutional right or rights in question in this action appear to be those of the criminal defendants, not the Office of the Public Defender.

authority to remove this case to federal court, *see* 28 U.S.C. § 1441(a)(vesting the right to remove a case from state to federal court exclusively in "the defendant or defendants"), it will remand the action to the Superior Court of New Jersey, Law Division, Middlesex County, for lack of subject matter jurisdiction.  *See, e.g.*, *Steel Valley Auth.*, 809 F.2d at 1010 ("the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand); *In re Notice of Removal Filed by William Einhorn*, 481 F. Supp. 2d 345, 347-50 (D.N.J. 2007)(remanding for lack of jurisdiction because removing party was not a "defendant" within the meaning of § 1441); *Gross v. Deberardinis*, 722 F. Supp. 2d 532, 534-35 (D. Del. 2010)(remanding because, even assuming the removing party was the real-party-in-interest, it was not a "defendant" within the meaning of § 1441 and therefore lacked authority to remove the action); *Conway v. Delgado*, 1992 189428, at *2 (D.D.C. July 21, 1992)(concluding that parties seeking removal did not have standing to remove a case in which they were not named defendants).  An appropriate Order follows.

/s/ JOEL A. PISANO  
United States District Judge

Dated: June 20, 2012